FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

2014 MAY 19  P 4: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| KEITH BOHANNON<br>TERRESE JENNINGS, *on behalf of themselves*<br>*and all others similarly situated* )<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14 CV 354<br>JAG |
| ) | |
| LVNV FUNDING, LLC ) | |
| ) | |
| SERVE: The Corporation Trust, Inc. )<br>300 E. Lombard Street )<br>Baltimore, MD 21202 ) | _____ |
| ) | |
| DOMINION LAW ASSOCIATES, P.L.L.C. ) | |
| ) | |
| SERVE: William A. Lascara )<br>Registered Agent )<br>Pender & Coward )<br>Town Center )<br>222 Central Park Ave. )<br>Virginia Beach, VA 23462 ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiffs, Keith Bohannon and Terrese Jennings, on behalf of

themselves and all others similarly situated, by counsel, and as for their Complaint against the

Defendants, they allege as follows:

1.      This is an action for actual and statutory damages, costs, and attorneys' fees

brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or

"FDCPA"), 47 U.S.C. § 227 (the Telephone Consumer Protection Act or "TCPA"), and under

Virginia common law for abuse of process.

## JURISDICTION

2.      Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227, and 28 U.S.C. § 1331 and § 1367.

## PARTIES

3.      Plaintiffs are each a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint each was a "consumer" as that term is defined by the FDCPA.

4.      Defendant LVNV Funding, LLC, ("LVNV"), is a South Carolina limited liability company with its headquarters and principal place of business located in Greenville, South Carolina. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this Complaint, LVNV was a "debt collector" as that term is defined by the FDCPA.

5.      Defendant Dominion Law Associates, P.L.L.C., ("DLA" or "Defendant"), is a professional limited liability company debt collection law firm with offices in Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this Complaint, DLA was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

### Facts Common to All Plaintiffs

6.      Defendant LVNV is a debt-buyer and a debt collector as that term is defined at 15 U.S.C. § 1692a(6).

2

7.     Defendant LVNV accomplishes its debt-buying operation by purchasing multiple multi-million dollar portfolios of distressed and charged-off consumer debt from original creditors. Many of these debts are credit card accounts.

8.     To aid in litigation against consumers, Defendant LVNV has established relationships with many different debt collection law firms in the country who serve less in the capacity as traditional legal counsel, and more as an outsource vendor, including Defendant DLA.

9.     Defendant LVNV uses these third party law firms and the General District Courts in the Commonwealth of Virginia, as well as courts across the country, as a means to collect the purchased debts from consumers in a manner that does not comply with Virginia or federal law.

10.     As an example of one such violation, Defendant LVNV submits affidavits with the warrant in debts that they file in the Virginia General District Courts. The affidavits are also mailed to consumers at the time that the warrant in debt is filed with the general district court.

11.     These affidavits do not contain the disclosure that the document is prepared by a debt collector, as required by the FDCPA.

12.     Upon information and belief, Defendant LVNV uses the same or substantially similar affidavits in all Virginia General District Court cases that it files. None of these affidavits contain the disclosures required by the FDCPA.

**Defendants' Specific Collection Conduct Regarding Keith Bohannon**

13.     The Defendants contend that Plaintiff Bohannon incurred one or more financial obligations that were primarily for personal, family or household purposes.

14.     These alleged debts were consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Bohannon.

3

15.     In an attempt to collect one or more debts from Plaintiff Bohannon, Defendants filed a lawsuit against him in Henrico County General District Court.

16.     In connection with the lawsuit, Defendants submitted an affidavit to Henrico General District Court that did not contain the required FDCPA disclosures, including that it was prepared by a debt collector.

17.     Additionally, the affidavit contained numerous material falsehoods. This affidavit misrepresented that the affiant had personal knowledge of the account, that the affiant had reviewed the actual contractual documents regarding the account, or even that such documents existed.

18.     Upon information and belief, the affiant had no such personal knowledge nor did she review the actual signed contract documents pertaining to the account in question.

19.     Defendants manufactured this fraudulent affidavit because they knew that they could not prove Plaintiff Bohannon's indebtedness or ownership of the debt, and thus their entitlement to judgment in their favor, without it.

20.     Defendants also submitted to the General District Court (and mailed to Plaintiff Bohannon) an "account summary" stating that he owed $722.13 in principal and that this did not include any interest.

21.     This statement was false. Plaintiff Bohannon's principal balance was not $722.13. Upon information and belief, this balance included interest.

22.     In order to obtain default judgment against Plaintiff Bohannon, the General District Court relied upon the false collection affidavit that was presented to the General District Court judge, when counsel for the Defendants asked for judgment on the (false) affidavit.

4

23. Additionally, in an attempt to collect one or more accounts from Plaintiff Bohannon, Defendants made several misrepresentations to him.

24. Upon information and belief, Defendants were not legally entitled to collect the account(s) from the Plaintiff Bohannon.

25. Within the four-year period preceding the filing date of this Complaint, the Defendants engaged in the practice of placing numerous, repeated and harassing phone calls to Plaintiff's cell phone using a combination of automatic telephone dialers, predictive dialers, and prerecorded voice messages, without his express consent.

26. These calls were placed in violation of the TCPA.

27. The Defendants are well aware of the requirements of the TCPA and that autodialed calls cannot be placed to cell phones without prior express consent.

28. Despite this knowledge, Defendants continually violated the TCPA with respect to Plaintiff Bohannon by placing autodialed calls to his cell phone using predictive dialers and/or an artificial or prerecorded voice to deliver a message without his prior express consent.

29. Therefore, Defendants' violations of the TCPA were willful and Plaintiff Bohannon is entitled to treble damages under 47 U.S.C. § 227(b)(3).

**Defendants' Specific Collection Conduct Regarding Terrese Jennings**

30. The Defendants contend that Terrese Jennings incurred one or more financial obligations that were primarily for personal, family or household purposes.

31. These alleged debts were consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Jennings.

32. In an attempt to collect one or more debts from Plaintiff Jennings, Defendants filed a lawsuit against her in Nottoway County General District Court.

33.     In connection with the lawsuit, Defendants submitted an affidavit to Nottoway General District Court that did not contain the required FDCPA disclosures, including that it was prepared by a debt collector.

34.     Additionally, the affidavit contained numerous material falsehoods. This affidavit misrepresented that the affiant had personal knowledge of the account, that the affiant had reviewed the actual contractual documents regarding the account, or even that such documents existed.

35.     Upon information and belief, the affiant had no such personal knowledge nor did she review the actual signed contract documents pertaining to the account in question.

36.     Defendants manufactured this fraudulent affidavit because they knew that they could not prove the Plaintiff Jennings's indebtedness or ownership of the debt, and thus their entitlement to judgment in their favor, without it.

37.     Defendants also submitted to the General District Court (and mailed to Plaintiff Jennings) an "account summary" stating that she owed $791.06 in principal and that this did not include any interest.

38.     This statement was false. Plaintiff did not owe $791.06 in principal. Upon information and belief, this balance included interest.

39.     In order to obtain default judgment against Plaintiff Jennings, the General District Court relied upon the false collection affidavit that was presented to the General District Court judge, when counsel for the Defendants asked for judgment on the (false) affidavit.

40.     Additionally, in an attempt to collect one or more accounts from Plaintiff Jennings, Defendants made several misrepresentations to her.

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. § 1692e(11):**
**CLASS CLAIM AGAINST DEFENDANT LVNV FUNDING, LLC ONLY**

41. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons sued by Defendant LVNV Funding, LLC in a Virginia General District Court within the one year period preceding the filing date of this Complaint in which the Defendant submitted an "Affidavit of Indebtedness and Ownership of Account" that did not contain the disclosures required by 15 U.S.C. § 1692e(11).

42. Plaintiffs incorporate their prior allegations and estimate that the class is so numerous that joinder of all members is impractical.

43. Plaintiffs' counsel has reviewed a substantial number of affidavits filed by Defendant LVNV in Virginia General District Courts. These documents have remained consistent and uniform across time, Virginia jurisdictions and consumers.

44. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. For example, and without limitation: (a.) whether Defendant LVNV routinely misrepresented omitted the disclosures required by the FDCPA on the affidavits it sent to consumers and filed with Virginia General District Courts; (b.) whether this conduct violated the FDCPA and (c.) what damages Plaintiffs and the putative class members are entitled to as a result of LVNV's conduct.

45. The claims of Plaintiffs are typical of those of the class members. All are based on the same facts, form documents and legal theories. The affidavits are standardized and used across all Virginia jurisdictions and the full class period. The violations alleged are the same and the class claims will rise and fall entirely based upon whether or not Plaintiffs' claims rise or fall.

46. The Plaintiffs will fairly and adequately protect the interests of the class.

7

Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative classes and have accepted such responsibilities.

47.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers who Defendants will have threatened and contacted for a foreclosure would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources.  The issues at the core of this case are classwide and should be resolved at one time.  One win for one consumer would set the law as for every similarly situated consumer.

48.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

49.     Defendant LVNV violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) by its actions, which include but are not limited to, failing to disclose that the "Affidavit of Indebtedness and Ownership of Account" it sent to the Plaintiffs and putative class members and filed with the Virginia General District Courts were from a debt collector.

50.     Plaintiffs and the putative class members are therefore entitled to an award of statutory damages against Defendant LVNV, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. § 1692e**
**(Plaintiffs Bohannon's and Jennings's Individual Claims against Defendants LVNV and DLA)**

51.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

52.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by their actions, which include, but are not limited to, using false, deceptive, or misleading representations or means in connection with the collection of debt.

53.     Plaintiffs are therefore entitled to an award of statutory damages against Defendants as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1692e(2)**
**(Plaintiffs Bohannon's and Jennings's Individual Claims against Defendants LVNV and DLA)**

54.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

55.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by their actions, which include, but are not limited to, falsely representing the amount or legal status of a debt owed.

56.     Plaintiffs are therefore entitled to an award of statutory damages against Defendants, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(10)
### (Plaintiffs Bohannon's and Jennings's Individual Claims against Defendants LVNV and DLA)

57.     Plaintiffs restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include but are not limited to, using a false representation as a means to collect a debt.

59.     Plaintiffs are therefore entitled to an award of statutory damages against Defendants, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692f(1)
### (Plaintiffs Bohannon's and Jennings's Individual Claims against Defendants LVNV and DLA)

60.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

61.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of an amount that is not permitted by law.

62.     Plaintiffs are therefore entitled to an award of statutory damages against Defendants, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
### Virginia Abuse of Process
**(Plaintiffs Bohannon's and Jennings's Individual Claims against Defendants LVNV and DLA)**

63.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

64.     Defendants' filing of the state court collection lawsuit and improper use of the affidavits was accomplished with the improper motive and purpose of obtaining a judgment on a debt that it could not confirm or know was actually owed by the Plaintiffs and was accomplished through the improper use of a false affidavit as means to circumvent the impossible burdens faced if they actually had to prove an indebtedness.

65.     Defendants conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiffs and to the Henrico and Nottoway General District Courts.  The Plaintiffs are therefore entitled to and each Defendant is obligated to pay punitive damages.

66.     As a result of the Defendants' abuse of process, the Plaintiff suffered actual damages.

67.     Plaintiffs are therefore entitled to an award of punitive and actual damages against Defendants, as well as their reasonable attorneys' fees and costs, pursuant to Virginia law.

## COUNT SEVEN:
### VIOLATION OF 47 U.S.C. § 227(b)
**(Plaintiffs Bohannon's Individual Claim against Defendants LVNV and DLA)**

68.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

11

69.     The Defendants willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by their actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, or artificial or pre-recorded voice to Plaintiff Bohannon's telephone number assigned to a cellular telephone service without his express consent.

70.     Because the Defendants' violations were willful, Plaintiff Bohannon is entitled to treble his damages under 47 U.S.C. § 227(b)(3).

71.     In the alterative, the Defendants negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by their actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, or artificial or pre-recorded voice to Plaintiff Bohannon's telephone number assigned to a cellular telephone service without his express consent.

72.     Plaintiff Bohannon is therefore entitled to an award of actual and statutory damages against the Defendants, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs respectfully requests judgment against the Defendants for actual, statutory, and punitive, damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Virginia common law for their individual claims, as well as class certification under Rule 23 for Plaintiffs' class allegations against LVNV, and an award of statutory damages, attorneys' fees and costs to the Plaintiffs and putative class members against Defendant LVNV under the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS, *on behalf of themselves and
all others similarly situated***

By _____
                Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

13