IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

KEITH BOHANNON and TERRESE JENNINGS,
*on behalf of themselves and all others similarly situated,*

      Plaintiffs,

v.                                                                  Civil Case No. 3:14-cv-354

LVNV FUNDING, LLC,

      Defendant.

## OPINION

    In this case, two individuals bring class and individual claims against a debt collector for the manner in which the debt collector attempted to collect debts in Virginia state courts. The plaintiffs, Keith Bohannon and Terrese Jennings, claim that LVNV Funding, LLC, a debt collector, violated both federal and state law by filing improper documents in collection cases in Virginia's General District Courts. They assert one class claim and seven individual claims against LVNV. LVNV asks the Court to dismiss Counts Two through Six for lack of subject matter jurisdiction and Counts One and Six for failure to state a claim.

    In Count One, the plaintiffs raise a class claim arising from a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11). This section requires debt collectors to include certain warnings in materials sent to collect debts; the warnings are commonly known as the "mini-Miranda" disclosure. The plaintiffs say that LVNV should have included the warnings on

affidavits attached to warrants in debt[1] in Virginia General District Court.  Counts Two through Five assert individual claims for violating various sections of the FDCPA[2] that prohibit false, deceptive, and misleading representations in order to collect a debt.  Count Six asserts an individual claim under Virginia common law for abuse of process.  Finally, Count Seven asserts an individual claim brought by Bohannon alone under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), for alleged prohibited calls to his cell phone.[3]

Relying on the *Rooker-Feldman* doctrine, LVNV argues that the Court lacks subject matter jurisdiction over Counts One through Six.  This argument fails, because the *Rooker-Feldman* doctrine bars only claims that allege an injury that arises from a state-court judgment.  Although this case involves state-court litigation that resulted in judgments, the claims themselves arise from LVNV's conduct in attempting to collect debts, not from an invalid Virginia court decision.  Accordingly, the Court denies LVNV's motion to dismiss for lack of subject matter jurisdiction.

Turning to the motion to dismiss for failure to state a claim, Count One is deficient because the affidavits in question fall within the FDCPA's formal-pleading exception.  Virginia law allows a plaintiff to attach an affidavit to a warrant in debt to initiate a lawsuit to collect a debt.  When a debt collector includes an affidavit with the warrant, the law requires service of both documents as a single paper.  Here, LVNV followed that process, and so the affidavits fall within the formal-pleading exception.  Accordingly, the Court grants LVNV's motion to dismiss Count One for failure to state a claim.

---

[1] A warrant in debt is the most commonly used paper to commence civil legal proceedings. Plaintiffs can only use it to start cases in Virginia's General District Courts.  These are courts of limited jurisdiction, where the plaintiffs typically assert claims to relatively small sums, such as credit card debts.
[2] The plaintiffs invoke §§ 1692e, 1692e(2), 1692e(10), and 1692f(1), respectively.
[3] LVNV does not challenge Count Seven in its motion to dismiss.

2

Count Six fails to state a claim for abuse of process under Virginia common law because bolstering a warrant in debt with a hollow affidavit in order to collect a debt does not meet the elements of abuse of process. The complaint suggests that LVNV's litigation at the General District Court was baseless, but baselessness does not create grounds for abuse of process. Instead, abuse of process exists when a litigant uses issued process for a purpose other than its lawful purpose and does so with an ulterior motive. LVNV wanted to collect a debt, potentially through the entry of a default judgment, so it filed an affidavit with the warrant in debt. Virginia courts allow warrants in debt specifically for that purpose. Accordingly, the Court grants LVNV's motion to dismiss for failure to state a claim as to Count Six.[4]

## I. MATERIAL FACTS[5]

In an effort to collect delinquent debts from the plaintiffs, LVNV filed warrants in debt against them in Henrico County and Nottoway County General District Courts. Along with the warrants, LVNV attached and filed affidavits purporting to summarize the accounts owed by Bohannon and Jennings. The plaintiffs say the affidavits were inaccurate in various ways. The

---

[4] LVNV does not move to dismiss Counts Two through Six for failure to state a claim upon which relief can be granted. The defendant only raises jurisdictional issues about those counts.
[5] A 12(b)(1) motion places the burden on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *White v. CMA Const. Co ., Inc.,* 947 F.Supp. 231, 233 (E.D.Va.1996) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). In a facial attack such as this one, the Court affords the plaintiff the procedural protection he would be entitled to under a Rule 12(b)(6) consideration, and presumes the truth of the facts asserted in the Complaint. *Adams,* 697 F.2d at 1219. A Rule 12(b)(6) motion to dismiss gauges the sufficiency of a complaint without resolving any factual discrepancies, testing the merits of the claim or judging the applicability of any defenses raised by the non-moving party. *Republican Party of N.C. v. Martin,* 960 F.2d 943, 952 (4th Cir. 1992). A 12(b)(6) motion considers whether the non-moving party's description of the facts, if assumed to be completely true, would entitle him to the requested relief. *Unus v. Kane,* 565 F.3d 103, 115 (4th Cir. 2009). To survive a 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

affidavits also did not contain the so-called mini-Miranda warnings that the Fair Debt Collection Practices Act requires to be included on communications from a debt collector.  LVNV mailed the warrants and affidavits to Bohannon and Jennings after filing them in court.  Later, after neither Bohannon nor Jennings appeared, LVNV took default judgments on the warrants.  The plaintiffs now claim that LVNV's actions illustrate a pervasive practice of filing false and misleading affidavits that do not comply with the FDCPA in order to procure default judgments throughout Virginia.

## II. DISCUSSION

As discussed above, LVNV raises three challenges to the plaintiffs' complaint.  First, LVNV contends that the *Rooker-Feldman* Doctrine, a judicial rule that prohibits federal courts from effectively operating as appellate courts for state judgments, forces the Court to reject Counts Two through Six for lack of subject matter jurisdiction.  Second, LVNV says the affidavits fall within the FDCPA's formal-pleading exception, and thus Count One fails to state a claim for relief.  Third, LVNV argues that the complaint fails to set out the necessary facts to state a claim for abuse of process.

### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents a federal court from reviewing the final judgments of a state court as well as claims that are inextricably intertwined with the state-court proceedings.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  The doctrine rests on the principle that federal district courts lack jurisdiction to review the decisions of state courts; the power to review state judgments belongs to a state's internal appellate system and, ultimately, the Supreme Court of

4

the United States. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

LVNV argues that the *Rooker-Feldman* doctrine disqualifies Counts Two through Six from adjudication in this Court because the plaintiffs' allegations regarding the deceptive or misleading content of the affidavits undermine the validity of Virginia state court judgments. Specifically, LVNV contends that finding the affidavits in question misleading or false interferes with the General District Courts' entry of default judgment. In *Exxon*, however, the Supreme Court made clear that courts must construe the *Rooker-Feldman* doctrine quite narrowly. *Exxon*, 544 U.S. at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (describing the narrowness emphasized by the Supreme Court in *Exxon*). Specifically, *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries *caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284 (emphasis added).

A party relying on the *Rooker-Feldman* doctrine must establish four conditions: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" *Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (quoting *Exxon*, 544 U.S. at 284)). In this case, however, the plaintiffs' injuries arise not from the judgments themselves, but from LVNV's conduct in attempting to collect their debts. Accordingly, the *Rooker-Feldman* doctrine does not apply.

The state-court default judgments entered against Bohannon and Jennings essentially validated the debts owed to LVNV. By contrast, this federal suit asserts violations of the FDCPA in Counts Two through Five, each of which relates to LVNV's conduct in attempting to collect the plaintiffs' debt. Simply put, these claims do not arise from the state-court judgments below, but predate the entry of those judgments. *Cf. Senftle v. Landau*, 390 F. Supp. 2d 463, 469-70 (D. Md. 2005) (rejecting *Rooker-Feldman*'s applicability to FDCPA claims related to debt-collection conduct and not the underlying state court's decision on the validity of that debt). Similarly, Count Six alleges a Virginia state-law claim of abuse of process, which arises from litigation conduct, not the outcome of the state-court proceedings.

The state-court judgments are not "inextricably intertwined" with the judgment, and therefore do not trigger application of the *Rooker-Feldman* doctrine. The phrase "inextricably intertwined" "does not create an additional test for determining when claims challenging a state-court decision are barred." *Davani*, 434 F.3d at 719. Instead, it refers to defenses not pursued at the state court that nonetheless attack the validity of the state-court judgment. *Id.* ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court.").

Here, the plaintiffs raise claims independent from the state-court judgments entered in LVNV's favor. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of

preclusion." *Exxon*, 544 U.S. at 293.[6] Counts Two through Five, the individual FDCPA claims, raise allegations of impropriety in attempting to collect a debt. Similarly, Count Six, the plaintiffs' claim for abuse of process, rests not on the state court judgment but on LVNV's conduct in filing the warrants in debt. Accordingly, *Rooker-Feldman* does not apply here.

The Court denies LVNV's motion to dismiss Counts Two through Six for lack of subject matter jurisdiction.

## B. Formal Pleading Exception

The FDCPA requires debt collectors to make certain disclosures on all communications "in connection with the collection of any debt." 15 U.S.C. § 1692e(11). Known as the "mini-Miranda," the warning tells the debtor that the creditor is trying to collect a debt and that the creditor can use information given by the debtor in the collection effort. This warning allows the unwary debtor to exercise caution in his communication with the creditor.

The mini-Miranda disclosure requirement carves out a special exception, however, for "a formal pleading made in connection with a legal action." *Id.* Here, Congress attributes to the debtor the common sense to know that when a creditor sues him, the creditor wants to collect the debt, and that what the debtor tells the creditor can be used in the collection case. LVNV points to this exception as the basis for dismissing Count One, the putative class claim asserting LVNV violated § 1692e(11) by failing to put the mini-Miranda on the affidavits filed with the warrants in debt.

Section 1692e(11) does not define "formal pleading," so courts have looked to procedural rules and laws to decide the applicability of the formal pleading exception. *See, e.g., Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 367 (D. Md. 2010) (applying Fed. R. Civ. P. 7(a)).

---

[6] LVNV does not address, and the Court expresses no opinion, whether preclusion doctrine bars the litigation of the plaintiffs' claims.

The Virginia Code identifies a warrant in debt as a pleading. *See, e.g.*, Va. Code § 16.1-77 (referring to a warrant in debt as an "initial pleading" in General District Court interpleader proceedings); *id.* § 16.1-88.03 (listing a warrant in debt under the heading "Pleadings and other papers by certain parties not represented by attorneys"). The question, then, becomes whether an affidavit attached to a warrant in debt is also a pleading. It is.

Virginia law allows a plaintiff to file with his warrant in debt "an affidavit made by himself or his agent, stating therein to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which plaintiff claims interest." *Id.* § 8.01-28. Virginia does not require such an affidavit to accompany every warrant in debt, but a plaintiff *must* file and serve on the defendant an affidavit with the warrant in order to obtain a default judgment. *Id.* If the plaintiff files an affidavit with the warrant in debt, and serves the affidavit and warrant together, the defendant must answer under oath, either in person or with his own affidavit. Va. Code § 8.01-28. When a plaintiff attaches an affidavit to a warrant in debt, "the combined papers shall be served as a single paper." Va. Code § 16.1-88.

With this context clear, the Court has no trouble concluding that an affidavit accompanying the warrant in debt filed in a Virginia General District Court falls within the FDCPA's formal pleading exception. Where, as here, a debt collector filing a warrant in debt attaches an accompanying affidavit to that filing, the affidavit falls within the formal pleading exception and thus need not contain a mini-Miranda warning.

Accordingly, the Court grants LVNV's motion to dismiss with respect to Count One for failure to state a claim.

8

## C. Abuse of Process Claim

Virginia provides a cause of action for abuse of process when a plaintiff asserts "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Const. Co., Inc. v. Mount Vernon Assocs.*, 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988). The abuse of process arises only in "the improper use of a regularly issued process." *Glidewell v. Murray-Lacy & Co.*, 98 S.E. 665, 667 (Va. 1919). By contrast, the "legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not a malicious abuse of that process." *Donohoe Const. Co.*, 235 Va. at 540, 369 S.E.2d at 862.

Regarding ulterior purpose, the plaintiffs say LVNV filed the warrants along with the false affidavits "with the improper motive and purpose of obtaining a judgment on a debt that it could not confirm or know was actually owed by the Plaintiffs." Compl. ¶ 64. To show an improper action, the plaintiffs argue that LVNV used "a false affidavit as means to circumvent the impossible burdens faced if they actually had to prove an indebtedness." *Id.*

These facts, though framed and presented within the template of abuse of process, do not state a claim for abuse of process. Instead, the complaint essentially says that LVNV filed a baseless and meritless lawsuit that it had no hope of winning and included false affidavits to bolster its chances of success. Such actions may be malicious and misguided, but they do not rise to the level of abuse of process. LVNV used the warrant in debt for the purpose Virginia intends it: to collect on a debt. Abuse of process does not lie for meritless claims, but only for the perverse use of legal process. *See Donohoe Const. Co.*, 235 Va. at 539, 369 S.E.2d at 862 ("The distinctive nature of malicious abuse of process lies in the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended.").

The fact that LVNV may have known their claim would have failed against any response from the debtor goes to the weakness of its claim, not the abuse of process. LVNV utilized the legal process for its intended purpose, even if it achieved that purpose through affidavits containing errors.

Accordingly, the plaintiffs fail to state a claim for abuse of process. The Court grants LVNV's motion to dismiss with respect to Count Six for failure to state a claim.

### III. CONCLUSION

Because the *Rooker-Feldman* Doctrine does not apply here, the Court DENIES LVNV's motion to dismiss Counts Two through Six for lack of subject matter jurisdiction, under Rule 12(b)(1). Counts One and Six, however, fail to state a claim upon which relief can be granted, so the Court GRANTS LVNV's motion to dismiss those counts under Rule 12(b)(6).

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 2, 2015
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge